UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY HARRIS,<br><br>                    Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON, *et al*.,<br><br>                    Defendants. | Case No. C17-1940-JCC-MAT<br><br>REPORT AND RECOMMENDATION |

On December 21, 2017, plaintiff Bobby Harris submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. (Dkt. 1.) In his complaint, plaintiff appeared to challenge his arrest by the Everett Police Department, and his subsequent conviction in Snohomish County Superior Court, for a criminal offense which serves as the basis of his current confinement. Plaintiff identified the State of Washington, the City of Everett, Snohomish County, the City of Seattle, thirteen officers and/or officials of the Everett Police Department, and three officers of the Seattle Police Department as defendants. Plaintiff asked to have his conviction vacated and he requested $5 million in damages.

On February 16, 2018, after plaintiff had corrected a deficiency in his application to proceed *in forma pauperis*, this Court granted plaintiff leave to proceed *in forma pauperis* and his

REPORT AND RECOMMENDATION
PAGE - 1

complaint was filed. (Dkts. 9, 10.) On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed for failure to state a cognizable ground for relief under § 1983. (Dkt. 11.) The Court explained therein that a § 1983 claim which calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).) The Court noted that plaintiff's complaint appeared to constitute a challenge to the lawfulness of his conviction and his current confinement, and that there was nothing in the record to indicate that plaintiff's current confinement had been invalidated in any fashion. (*Id*.)

On March 19, 2018, plaintiff filed a motion to "withdraw" both his case and his *in forma pauperis* status. (Dkt. 15). The Court presumes that plaintiff's request to withdraw his *in forma pauperis* status is, in fact, a request that he be relieved of responsibility for paying the remainder of the filing fee. (*Id*.) Given that this case is in its earliest stages, and no responsive has yet been filed, dismissal of this action is appropriate under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. However, voluntary dismissal does not relieve plaintiff of the obligation to pay the filing fee. Plaintiff, as a part of his *in forma pauperis* application, signed an "Acknowledgement and Authorization" form in which he specifically acknowledged his understanding that by choosing to bring this action he would be responsible for payment of the full $350 filing fee under 28 U.S.C. § 1915. That responsibility survives termination of this action.

Based on the foregoing, this Court recommends that plaintiff's motion to withdraw his case be construed as a notice of voluntary dismissal, and that this action be dismissed without prejudice. The Court further recommends that plaintiff's request to be relieved of the obligation to pay the filing fee for this action be denied. A proposed order accompanies this Report and

Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 27, 2018**.

DATED this 5th day of April, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3